THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 25, 2015

G. Michael Halfenger
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In Re:

    Tamera Lynn Kuchenbecker,                  Case No. 10-33067-GMH

              Debtor.                                  Chapter 13
_____

**DECISION AND ORDER DENYING MOTION TO RECONSIDER**
_____

       Tamera Lynn Kuchenbecker filed this chapter 13 case on August 10, 2010. On May 3, 2011, the court entered an order confirming her plan. CM-ECF, Doc. No. 41. Kuchenbecker's 60-month plan requires her to pay $2,188 monthly for the final 54 months. *Id*. The plan pays allowed general unsecured claims in full. *Id*.

       On August 5, 2014, Kuchenbecker filed a post-confirmation motion to modify her plan because health problems had caused a reduction in her income. CM-ECF, Doc. No. 157. The proposed modification would reduce her plan payment to $500 per month and pay nothing to general unsecured creditors. *Id*.

The trustee objected. CM-ECF, Doc. No. 159. The trustee argues that Kuchenbecker's proposed modification fails the best-interests-of-creditors test; that is, it fails to pay holders of unsecured claims what they would have received in a chapter 7 liquidation, as required by 11 U.S.C. §1325(a)(4), made applicable to the request to modify by §1329(b)(1). The trustee contends that if a hypothetical chapter 7 trustee had liquidated Kuchenbecker's estate on the date the court confirmed her plan, her non-exempt interest in real estate that she holds jointly with her son would have been sufficient to pay 100% of allowed unsecured claims.

At the conclusion of a November 13, 2014, evidentiary hearing, I sustained the trustee's objection and denied Kuchenbecker's motion to modify the plan. A November 18, 2014, order memorialized the ruling. CM-ECF, Doc. No. 170. The order expressly allowed Kuchenbecker an opportunity to propose a new plan modification that complied with §1329.

Kuchenbecker, with the assistance of counsel, instead filed a motion to reconsider my November 18 order. CM-ECF, Doc. No. 179. The trustee opposed the motion. CM-ECF, Doc. No. 180. Subsequent proceedings clarified that Kuchenbecker's request for reconsideration is based solely on her contention that, as a matter of law, she has no valuable interest in the real estate.

I

Denial of a request to modify a plan after confirmation is a non-final order. Cf. *Bullard v. Blue Hills Bank*, 135 S. Ct. 1686, 1693–94, 1696 (2015) (denial of plan confirmation is an interlocutory order). Reconsideration of a non-final order "is governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason, such as a change in, or clarification of, law that makes clear that the earlier ruling was erroneous." *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006).

The parties do not dispute the material facts; so, there is no need for an evidentiary hearing. The following constitutes my findings and conclusions. Fed. R. Bankr. P. 7052; Fed. R. Bankr. P. 9014(c).

Many years before Kuchenbecker filed for bankruptcy, her son, who was then "about 18 years old", used personal-injury settlement funds and bank financing to purchase real estate located at 2016 County Road A in Neenah, Wisconsin (the "Property"). CM-ECF, Doc. No. 179, 14; Doc. No. 191, 1. At the time of purchase, the bank required Kuchenbecker and her husband to cosign the loan. CM-ECF, Doc. No. 191 at 1. A deed was issued that made Kuchenbecker's son, Kuchenbecker, and her husband joint owners. CM-ECF, Doc. No. 179 at 12, 14. The three resided at the Property for "about a year and two months", during which time the parents "paid [the son] rent in the form of mortgage payments." *Id.*

Since then, Kuchenbecker's son has leased the Property, and he alone receives the rental income. *Id.* Around 2000, Kuchenbecker's son refinanced the loan. CM-ECF, Doc. No. 179 at 14 (son's affidavit averring that refinancing occurred in 2000); CM-ECF, Doc 191 at 2 (debtor's brief indicating that refinancing occurred in 2003). The bank was unwilling to make the loan solely to the son and required Kuchenbecker to be obligated on the note and mortgage. CM-ECF, Doc. No. 179 at 14; CM-ECF, Doc 191 at 2. A new deed issued naming only Kuchenbecker and her son. CM-ECF, Doc. No. 179 at 12, 14; CM-ECF, Doc 191 at 2. Since then, Kuchenbecker's son has made the mortgage payments, paid the property taxes and homeowner's insurance, and handled the upkeep of the Property. CM-ECF, Doc. No. 179 at 15; CM-ECF, Doc. No. 191 at 4.

When Kuchenbecker filed this bankruptcy case in August 2010, her bankruptcy schedules stated that she had a joint tenancy interest in the Property. CM-ECF, Doc. No. 1, 8. She valued the Property at $159,985.36. *Id.* at 8, 17. Kuchenbecker remains an owner of record. CM-ECF, Doc. No. 191 at 3, 6.

II

Kuchenbecker contends that, although she is an owner of record, she lacks a valuable interest in the Property. She makes two arguments. First, she argues that she holds only "bare legal title" to the Property. Second, she alternatively argues that her son has an equitable lien on her interest in the Property. She suggests that in either case she lacks an interest in the Property that a chapter 7 trustee could have profitably sold to pay creditors; thus, her proposed modification does not fail the best-interests-of-creditors test.

A

Kuchenbecker grounds her bare-legal-title argument on the uncontested fact that her son alone uses and maintains the Property. CM-ECF, Doc. No. 191 at 8–9. She contends that it follows from her son's long-time occupation of the property, payment of the mortgage and taxes, and other exclusive use of the property, that she is at most a holder of "bare legal title", which is not an interest properly included in her bankruptcy estate under 11 U.S.C. §541. *Id.*

For this argument, Kuchenbecker relies principally on *Swanson v. Stoffregen (In re Stoffregen)*, 206 B.R. 939 (Bankr. E.D. Wis. 1997). *Stoffregen* reasoned that Wisconsin considers "the owner of real property to be the party which has the beneficial interest in the property and not the party which merely has bare legal title." *Id.* at 942.

Soon after *Stoffregen* issued, however, the Seventh Circuit decided *Dubis v. Zarins (In re Teranis)*, 128 F.3d 469 (7th Cir. 1997). In *Teranis*, a chapter 7 trustee sought to sell a condominium. *Id.* at 470. The condominium deed listed the debtor as a co-owner. *Id.* The other co-owner was the debtor's 80-year-old mother. *Id.* The mother opposed the sale contending, like Kuchenbecker here, that the debtor had no interest in the property: The mother had purchased the condominium with her own money; the mother intended to be the sole owner during her lifetime; and the debtor had not contributed to the maintenance of the condominium. *Id.* at 470–72. Wisconsin law governed. The Seventh Circuit held that

the deed's designation of ownership determined the allocation of real property rights in a dispute between a co-owner and a chapter 7 trustee who represents the interests of another owner's creditors. *Id*. at 472. See also Wis. Stat. §700.19(1) (joint tenancy is "determined by the intent expressed in the document of title"); *Giese v. Giese*, 242 Wis. 581, 584, 9 N.W.2d 67, 68 (1943) ("deeds, like other instruments, should be construed so as to arrive at the intention of the parties. If there is no ambiguity . . . from the language used [ ] effect should be given to all of the provisions").

*Stoffregen*'s bare-legal-title reasoning does not survive *Teranis*. Following *Teranis* a deed's designation of ownership is determinative as between a chapter 7 trustee and a debtor's co-owners. Kuchenbecker concedes that she is "on the title and has an interest in the property." CM-ECF, Doc. No. 191 at 6. *Teranis* thus forecloses Kuchenbecker's argument she has only "bare legal title" that necessarily lacks any value in a hypothetical chapter 7 liquidation.

B

Kuchenbecker's alternative argument—that the court should impose an equitable lien on her interest in the property in favor of her son—fares no better.

Wisconsin law preserves a cotenant's right to seek an equitable lien on the interest of another cotenant: "Nothing in ss. 700.17 to 700.21 [governing the classification, determination, and creation of joint tenancies and tenancies in common] prevents an equitable lien arising in favor of one cotenant against another tenant or tenants because of events occurring after the establishment of the cotenancy relationship nor prevents imposition of a constructive trust in favor of a 3rd person in an appropriate case." Wis. Stat. §700.215. The equitable lien doctrine provides a form of remedy—it allows courts to reallocate property interests to prevent unjust enrichment. See RESTATEMENT (FIRST) OF RESTITUTION §161 (1937) ("Where property of one person can by a proceeding in equity be reached by another as security for a claim on the ground that otherwise the former would

be unjustly enriched, an equitable lien arises."); see also *McIntyre v. Cox*, 68 Wis. 2d 597, 601, 229 N.W.2d 613, 616 (1975) (citing RESTATEMENT (FIRST) OF RESTITUTION §161, at 650).

Consistent with this principle, Wisconsin law allows a court to impose an equitable lien when a joint tenant knowingly receives an unjust benefit at the expense of another tenant. A party that seeks imposition of an equitable lien must prove that there is (1) "a debt, duty or obligation owing by one person to another" and (2) "a res to which that obligation fastens, which can be identified or described with reasonable certainty." *McIntyre*, 229 N.W.2d at 616 (internal quotations omitted); see *Yorgan v. Durkin*, 2006 WI 60, ¶38; 290 Wis. 2d 671, 689, 715 N.W.2d 160, 169 (citing *McIntyre* for the elements of an equitable lien); see also *Mumm v. Adametz (In re Adametz)*, 53 B.R. 299, 306–07 (Bankr. W.D. Wis. 1985) ("The essential elements of an equitable lien are 1.) a benefit conferred upon the defendant by the plaintiff, 2.) an appreciation or knowledge by the defendant of the benefit, 3.) acceptance or retention by the defendant of the benefit under circumstances making it inequitable for the defendant to retain the benefit, and 4.) a specific *res* to which the lien can attach which can be identified or described with reasonable certainty." (citing *Puttkammer v. Minth*, 83 Wis. 2d 686, 689, 266 N.W.2d 361, 363 (1978); and *McIntyre*, 229 N.W.2d at 616)).

Wisconsin law does not support Kuchenbecker's equitable lien argument for at least two reasons. First, Kuchenbecker's contention is *not* that she is entitled to have an equitable lien imposed to prevent an injustice. She instead asks the court to declare an equitable lien against *her* in favor of her son in order to defeat her creditors' rights to collect debts from her property. Wisconsin law does not support her attempt to use the equitable lien doctrine as a shield against creditors who have committed no wrong or unjust act.

Second, Kuchenbecker cannot demonstrate that she meets the Wisconsin-law requirements for imposing an equitable lien. Kuchenbecker's retention of her ownership

interest in the Property is not inequitable. She was a cosigner on the original mortgage note that allowed her son to purchase the property. When her son refinanced the property, the mortgage lender again insisted that she remain personally liable on the note because her son was not sufficiently creditworthy. Her liability on the mortgage note demonstrates her continuing economic interest in the Property and distinguishes her circumstances from those in *In re Stoffregen*, on which she again relies. In *Stoffregen*, the party against whom the court imposed an equitable lien had no economic interest in the property. See 206 B.R. at 944.

Kuchenbecker, moreover, has done nothing to justify a divestiture of her interest in the Property. Thus, she cannot employ the equitable lien doctrine to diminish the value of that interest. See *Villalobos v. BAC Home Loans Servicing LP*, No. 12-CV-281-JPS, 2012 WL 1853382 (E.D. Wis. May 21, 2012); see also *Kepler v. Kirchner (In re Kirchner)*, 372 B.R. 459 (Bankr. W.D. Wis. 2007).

### III

Kuchenbecker has failed to show that my November 18 order is erroneous. Her motion for reconsideration is denied.

So ordered.

#####